**SO ORDERED.**

**SIGNED this 21 day of May, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE:

COASTAL PLAINS PORK, LLC,

      DEBTOR

CHAPTER 11
CASE NO. 09-08367-8-RDD


NEWKIRK FARMS, INC., JBJ
KILPATRICK FARMS, INC., PARKER'S
PORKERS, INC. and BOBCAT FARMS,
LLC,

      PLAINTIFFS

v.

FIRST NATIONAL BANK, N.A.,
COOPERATIVE CREDIT COMPANY, THE
NORTH CAROLINA AGRICULTURAL
FINANCE AUTHORITY, and FOUR OAKS
BANK & TRUST COMPANY,

      DEFENDANTS

ADVERSARY PROCEEDING NO.
09-00237-8-RDD

### ORDER (1) DENYING THE MOTION FOR PARTIAL
### SUMMARY JUDGMENT FILED BY NEWKIRK FARMS, INC.,
### JBJ KILPATRICK FARMS, INC., PARKER'S PORKERS, INC., AND
### THE MOTION FOR SUMMARY JUDGMENT FILED BY BOBCAT
### FARMS, LLC AND (2) GRANTING THE CROSS-MOTION AND
### MOTION FOR SUMMARY JUDGMENT FILED BY FIRST NATIONAL
### <u>BANK OF OMAHA DISMISSING PLAINTIFFS' COMPLAINT</u>

This matter came on to be heard on May 10, 2010 upon the following motions and objections filed by the parties to this adversary proceeding:

1.    Motion for Partial Summary Judgment (Docket No. 24);

2.    Plaintiff First National Bank of Omaha's ("FNBO") Objection to the Motion for Partial Summary Judgment Filed by Plaintiffs Newkirk Farms, Inc., JBJ Kilpatrick Farms, Inc. and Parker's Porkers (the "Moving Plaintiffs"), FNBO's Cross-Motion for Summary Judgment Against the Moving Plaintiffs, and FNBO's Motion for Summary Judgment Against Bobcat Farms, LLC ("Bobcat") (Docket No. 28); and,

3.    Bobcat Farms, LLC's ("Bobcat") Objection to the Motion for Summary Judgment filed by Defendant First National Bank, N.A.; Bobcat's Cross-Motion for Summary Judgment Against First National Bank, N.A., and Bobcat's Motion for Summary Judgment Against Defendants, Cooperative Credit Company, The North Carolina Agricultural Finance Authority and Four Oaks Bank & Trust Company (Docket No. 37).

Counsel for each of the following parties was present at the hearing:

| | |
|---|---|
| Ocie F. Murray, Jr. | Bobcat Farms, LLC |
| Trawick H. Stubbs, Jr. and William Kroll | Newkirk Farms, Inc., JBJ Kilpatrick Farms, Inc., and Parker's Porkers, Inc. |
| Jason L. Hendren | JBJ Kilpatrick Farms, Inc. |
| Amos U. Priester, IV and James J. Niemeier | First National Bank of Omaha |
| Michael P. Flanagan | James E. Maides and Elijah T. Morton |
| Jennifer K. Bennington | Cooperative Credit Company. |

The Court has reviewed the Motions, the memoranda of law, and the following affidavits filed in support thereof (the "Supporting Materials"):

1.      Affidavit of Ronald G. Brown (Docket No. 30);

2.      Affidavit of Christopher M. Kalkowski (Docket No. 31);

3.      Affidavit of Henry Moore (Docket No. 37);

4.      Supplemental Affidavit of Ronald G. Brown (Docket No. 53);

5.      Affidavit of Baird Fussell Kilpatrick (Docket No. 57);

6.      Affidavit of George Newkirk (Docket No. 58); and

7.      Affidavit of Harry Parker (Docket No. 59).

Following its review of the Motions, the Supporting Materials, oral argument of counsel, and being otherwise fully informed in the premises the Court hereby makes the following findings of fact all of which are uncontroverted:

1.      FNBO holds a perfected security interest in substantially all of the Debtor's assets.  These assets included the sows, pigs and their proceeds (the "Livestock Collateral") in which the Plaintiffs assert a lien in this adversary proceeding.

2.      Cooperative Credit Company ("CCC") holds a perfected security interest in substantially all of the Debtors' assets.  CCC's interest is subordinated to FNBO's interest in the Debtor's assets.

3.      Newkirk Farms, Inc., JBJ Kilpatrick Farms, Inc., Parker's Porkers, Inc., and Bobcat Farms, LLC (collectively the "Plaintiffs") each entered into contracts with the Debtor, Coastal Plains Pork, LLC ("Debtor"), entitled CP Commercial Agreements (the "Production Agreements").  The terms of the Production Agreements were identical in all pertinent respects and provided for the prospective producers' production of the Debtor's genetically specific pigs

3

for delivery and finishing by the Debtor.

4.     The Plaintiffs, with the exception of Bobcat Farms, LLC, are each owners controlled by individuals who are guarantors of the obligations of the Debtor to FNBO.

5.     The Production Agreements each contained the following waiver provision by the Plaintiffs:

> 1.10.1  Grower understands and agrees that all Stock delivered to Facilities and any offspring of Stock, to the extent applicable, remain the sole and exclusive property of Coastal Plains during the term and upon termination of this Agreement and until such time as possession of all Stock and offspring of Stock shall have been redelivered to Coastal Plains.  Grower shall not in any way grant, create, assume or permit the imposition or existence of, and shall at all times keep the Stock (whether currently in possession of Grower or hereafter delivered to Grower) free from any levy, attachment, lien, mortgage, security interest, chattel mortgage, pledge, encumbrance, claim, charge, or other judicial process of any kind, statutory or otherwise (each a "Lien").

6.     The Plaintiffs, by their summary judgment motions, request that the Court enter summary judgment declaring they hold valid boarding liens under N.C. Gen. Stat. § 44A-2(c) for the duties they performed under the Production Agreements.  N.C. Gen. Stat. § 44A-2(c) provides such a lien in favor of only a "person engaged in the business of boarding animals."[1]

7.     FNBO and CCC oppose the Plaintiffs' motions for summary judgment. FNBO has moved for summary judgment dismissing this case on the grounds the Plaintiffs do not qualify for a lien under N.C. Gen. Stat. § 44A-2(c) arguing they are not engaged in the business of boarding animals, they effectively waived any lien they could assert on the Debtor's livestock pursuant to § 1.10.1 of the Production Agreements; and they rendered any lien they could claim

---

[1] Although the Plaintiffs in their briefs reference a possible claim pursuant to N.C. Gen. Stat. § 44A-2(a), Plaintiffs through their counsel, abandoned their assertion of that argument at oral argument.  Notwithstanding their abandonment, the Court finds that Plaintiffs would not qualify to hold such a lien for the reasons articulated in this Order, including the nature of the duties they performed and their waiver of any right to assert any such lien under § 1.10.1 of the Production Agreement.

4

unenforceable by surrendering possession of the pigs which are the only livestock for which charges are due to the Plaintiffs under the Production Agreements.[2]

8.      Viewing the Production Agreements in their entirety the Court finds the terms and their meaning are clear and unambiguous.  The Court finds that the Plaintiffs were engaged in the production of the Debtor's genetically specific swine for delivery and eventual finishing and sale pursuant to the Production Agreements, and were not engaged in the "public boarding of animals" within the meaning of N.C. Gen. Stat. § 44A-2(c).  Accordingly they are not entitled to assert a boarding lien on any of the Livestock Collateral.

9.      The Court further finds that even if a boarding lien were available to Plaintiffs under N.C. Gen. Stat. § 44A-2(c), the Plaintiffs, by their execution of the Production Agreements, each agreed to the waivers contained in § 1.10.1 thereof, and thereby effectively waived any right they could claim to assert any lien on the Livestock Collateral including any statutory lien under N.C. Gen. Stat. § 44A-2.

10.     Summary judgment is appropriate in those cases in which no issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. § 56, *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

11.     In this case the Court finds no issue of material fact exists and FNBO is entitled to judgment dismissing the Plaintiffs' Complaint as a matter of law.

12.     For these reasons the Court finds that the Plaintiffs, Newkirk Farms, Inc., JBJ Kilpatrick Farms, Inc., Parker's Porkers, Inc. and Bobcat Farms, LLC claim of lien under N.C. Gen. Stat. § 44A-2 is unsupported as a matter of law, and that their respective motions for partial

---

[2] The Court notes FNBO has also argued that the Producer's lien rights were rendered unenforceable by their voluntary release of the animals.  The Court need not address this point because the grounds set forth herein sufficiently resolve the Plaintiffs' claims and require dismissal as a matter of law.

summary judgment and summary judgment should be denied; the Cross-Motion for Summary Judgment filed by FNBO should be granted; and that the Plaintiffs' Complaint should be dismissed with prejudice.[3]

Therefore, the motion for partial summary judgment filed by Newkirk Farms, Inc., JBJ Kilpatrick Farms, Inc., and Parker's Porkers, Inc. (Docket No. 24) is **DENIED** in its entirety; the motion for summary judgment filed by Bobcat Farms, LLC (Docket No. 37) is **DENIED** in its entirety; the motion for summary judgment filed by FNBO (Docket No. 28) is **GRANTED** in its entirety.   Furthermore, this Court hereby directs that a judgment be entered dismissing the Plaintiffs' Complaint in this adversary proceeding with prejudice.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3] The Complaint shall be dismissed in its entirety as Cooperative Credit Company, the North Carolina Agricultural Finance Authority, and Four Oaks Bank & Trust Company are all similarly situated defendants.